IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| NAKISHA JACKSON,<br>　　PLAINTIFF, | §<br>§<br>§ | |
| VS. | § | CIVIL ACTION NO. 4:21-CV-00811-O |
| | § | |
| MAGISTRATE HAL R. RAY, JR.<br>ET AL.,<br>　　DEFENDANTS. | §<br>§<br>§<br>§ | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE REGARDING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND MOTION FOR CLARIFICATION

Pending before the Court are two motions filed by *pro se* Plaintiff NaKisha Jackson ("Jackson") on September 8, 2021: (1) Motion for Default Judgment [doc. 15] and (2) "Motion for Clarification/Misc Relief" [doc. 16]. Having carefully considered the motions, and relevant pleadings in the record, the Court recommends that the motions be **DENIED**.

On July 1, 2021, Jackson filed the above-styled and numbered cause of action against the following Defendants in their official capacities: (1) United States Magistrate Judge Hal R. Ray, Jr. of the United States District Court for the Northern District of Texas; (2) Tony Moore, Clerk for the United States District Court for the Western District of Louisiana; (3) Mary C. Stewart, Clerk[1] of the United States Court of Appeals for the Fifth Circuit; (4) Scott S. Harris, Clerk of the United States Supreme Court; (5) Judge Elizabeth Foote of the United States District Court for the Western District of Louisiana; (6) United States Magistrate Judge Mark Hornsby of the United States District Court for the Western District of Louisiana; (7) Chief Judge S. Maurice Hicks, Jr. of the United States District Court for the Western District of Louisiana; and (8) United States

---

[1] It appears that Mary C. Stewart is a Case Management Clerk at the United States Court of Appeals for the Fifth Circuit.

1

Magistrate Judge Kayla D. McClusky of the United States District Court for the Western District of Louisiana.

Thereafter, on July 1, 2021, Jackson filed a document titled "Certificate of Service" [doc. 2] in which she certified that the complaint was "filed via ECF and served via ECF" for all the above-listed Defendants as well as the following "supervisors:" (1) Prerak Shah, Acting United States Attorney for the Northern District of Texas; (2) Alexander C. Van Hook, Acting United States Attorney for the Western District of Louisiana; (3) Attorney General Merrick B. Garland of the United States Department of Justice; (4) Kristen Clark, Assistant Attorney General for Civil Rights; (5) Lee J. Lofthus, Assistant Attorney General for Administration; and (6) Pamela S. Karlan, Principal Deputy Assistant Attorney General Civil Rights Division. Thereafter, on July 7, 2021, Jackson filed another "Certificate of Service" [doc. 7] in which she stated:

> This is to certify that the complaint was filed via ECF and complaint and summons were delivered via ECF notification for the US attorney for the Western District of Louisiana and Northern District of Texas and all of the following defendants and supervisors were served in accordance with Fed Rules Civil procedure 4(i)(2) Serving the United States and Its Agencies, Corporations, Officers, or Employees on 07/07/2021, via third party carrier, priority mail, at the following addresses.

(Plaintiff's Certificate of Service [doc. 7] at 1.) Plaintiff then listed the names and addresses for all Defendants and the names and addresses for the same supervisors listed on Plaintiff's July 1, 2021 Certificate of Service set forth above. Thereafter, on August 21, 2021, Plaintiff filed a document titled "Proof of Service 4:21-cv-00811-O-BJ" [doc. 10] in which she declared under penalty of perjury that "the complaint and summons had been delivered, via priority with delivery confirmation, to all defendants at their business addresses listed on the complaint, to the US Attorneys for the districts, and Attorney General of the United States at the addresses listed, on the dates listed below[]." Plaintiff then listed the names of all Defendants as well as the names and

addresses of United States Attorney Prerak Shah, United States Attorney Alexander Van Hook, and Attorney General Merrick Garland and the alleged dates that each had been served. (Proof of Service [doc. 10] at 1.)

On September 7, 2021, Assistant United States. Attorney Brian Stolz ("Stolz"), representing "non-party the United States," filed a Notice Regarding Lack of Service of Process [doc. 11] in which he claimed that service on the United States Attorney for the Northern District of Texas had not been effected as required by Rule 4(i) because the envelope received on July 9, 2021 at the United States Attorney's Office was addressed to "Prerak Shah" and not to the "civil-process clerk at the United States Attorney's Office" as required by FRCP 4(i)(1)(A)(ii). (Notice Regarding lack of Service at 1-2.) Stolz further claimed that, "because the U.S. Attorney has never been served with process for any defendant in this case, no defendant currently has any deadline to respond to the complaint." (Notice Regarding Lack of Service at 3.) Stolz also filed a copy of the envelope received by the United States Attorney's Office [doc. 12] indicating that the envelope was addressed as follows: "Prerak Shah, Burnett Plaza Suite 1700, 801 Cherry Street, Unit #4, Fort Worth, Texas 76102-6882."

Thereafter, on September 7, 2021, Jackson filed a "Reply to Asst US Atty Notice" in which she claimed that the United States had been properly served under FRCP 4(i) as, in essence, she had delivered via third party carrier a copy of the summons and the complaint to the United States attorney for the district where the action was brought. (Reply to Asst US Atty Notice at 2.) As to the meaning of certain terms in FRCP 4(i), Jackson further stated, "'**Deliver**' is not defined or limited in the rule. I can read. In the English language, '**and**' is a definite addition, '**or**' indicates options." (*Id.*)

On September 8, 2021, Jackson filed a Combined Request for Clerk's Entry of Default and Motion for Default Judgment [doc. 15] against all Defendants. Jackson alleged that she is entitled to default judgment because Defendants were properly served and have failed to respond to her complaint within sixty days as required by Federal Rule of Civil Procedure ("FRCP") 12(a)(2). (Plaintiff's Motion to Enter Default ("Pl.'s Mot. to Enter Default") at 2-3.) On September 8, 2021, the Clerk of the Court denied the clerk's entry of default. Subsequently, on September 8, 2021 Jackson filed a "Motion for Clarification/Misc Relief" [doc. 16], in which she, citing to FRCP 60(a), stated that the "clerk has the power to enter default because Mr. Stolz does not represent anyone in this case, as he stated in his signature, he is attorney for non-parties." (Plaintiff's Motion for Clarification/Misc Relief at 2.)[2]

In her Motion to Enter Default, Jackson, *inter alia*, states:

> This motion is to request default entry against the defendant by the clerk. The defendants never filed an answer or other legal response. The defendants failed to disclose a defense. The complaint was filed on July 1, 2021, summons was issued on July 7, 2021, service made on US attorney on July 9, 2021, and the affidavit of service was filed on Aug 21, 2021. In accordance with Fed. R. Civ. P. 12(a)(2), the defendants had 60 days to answer.
>
> The US ATTY is served. I understand the civil process clerk may be a constant and allowed to be generic; however, I checked before I mailed it, and at the time I mailed it Atty Shah was acting US attorney. Atty Shah is not named on defendant line or anywhere else on the complaint. . . . He **is** Fed. R. Civ. 4(i)(1)(A)(i) at the time of filing. . . . All defendants are served in their official capacity and individually notified. The only way the US is not served on July 9, 2021, is if Mr. Stoltz intercepted federal mail addressed to someone else.

(Pl.'s Mot. to Enter Default at 2-3.)[3]

---

[2] The Court notes that on September 20, 2021, Plaintiff also filed a "Notice" in which she was "inquir[ing] about the status of [her] request for entry of default by the clerk."

[3] Attached to the Motion to Enter Default is Jackson's Motion for Default Judgment [doc. 15-1].

4

"Due process under the United States Constitution requires that before a court may exercise personal jurisdiction over a defendant, there must be more than notice to the defendant and a constitutionally sufficient relationship between the defendant and the forum." *Winegarner v. Cinemark USA*, No. 3:08-CV-2232-N, 2009 WL 3199508, at *3 (N.D. Tex. Oct. 5, 2009) (citing *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97 (1987)). "'For a federal court to have personal jurisdiction over a defendant, the defendant must have been served with process in accordance with Rule 4.'" *Dunlap v. City of Fort Worth*, No. 4:13-CV-802-O, 2014 WL 1677680, at *2 (N.D. Tex. Apr. 28, 2014) (quoting *Pavlov v. Parsons*, 574 F. Supp. 393, 399 (S.D. Tex. 1983)). FRCP "4(c) . . . places the burden on the plaintiff to ensure that defendants are properly served with summons and a copy of the complaint. *Winegarner*, 2009 WL 3199508, at *3.

When a Defendant is a United States officer, or employee, as are all the Defendants in this case, service must comply with FRCP 4(i), which states, as relevant here:

(1) ***United States***. To serve the United States, a party must:

(A)(i) **deliver a copy** of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—**or**

(ii) **send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office**;

(B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; **and**

(C) if the action challenged an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency of officer.

(2) ***Agency; Corporation; Officer or Employee Sued in an Official Capacity***. To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, **a party must serve the United States** and also

send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.

Fed. R. Civ. P. 4(i)(1) (emphasis added).

Based on the foregoing, Jackson's service of the complaint and summons—via certified mail addressed to "Prerak Shah"—does not constitute valid service. Pursuant to FRCP 4(i)(1)(A), proper service of the United States Attorney requires that a copy of the summons and complaint be either: (1) personally delivered (as set forth in Rule 4(e)) to the United States Attorney or a designated member of their staff, or (2) **if sent by mail** (as in this case), addressed and sent to the **civil-process clerk at the United States attorney's office**. *See* Fed. R. Civ. P. 4(i)(1). *See, e.g., Al Hatab v. U.S. Dep't of Homeland Sec.*, No. 5:16-cv-988-DAE, 2017 WL 11207255, at *3 (W.D. Tex. Mar. 31, 2017) (holding that Plaintiff did not properly serve the United States because Plaintiff addressed the summons and complaint to "U.S. Attorney Richard L. Durbin," the United States Attorney for the Western District of Texas, and sent these documents by certified mail" instead of "either deliver[ing] a copy of the summons and complaint to United States Attorney Richard Durbin, or mail[ing] a copy of the summons and complaint by certified or registered mail to Stephanie Rico, the civil process clerk for the Office of the United States Attorney for the Western District of Texas."; *Ryan v. Dep't of Air Force*, No. SA-10-CA-240-FB, 2010 WL 11602018, at *11 (W.D. Tex. Dec. 14, 2010); *Sun v. U.S.*, 342 F. Supp. 2d 1120, 1124 (N.D. Ga. Oct. 22, 2004) (finding that the Plaintiff failed to effect proper service upon the United States attorney for several reasons including that the "package was not addressed to the civil process clerk, but was instead addressed to the United States Attorney.") Because Plaintiff failed to comply with the rule, she failed to effectuate service on the United States Attorney.

Under Fed. R. Civ. P. 12(a)(2), the deadline for Defendants, who are officers or employees of the United States sued in their official capacities, to respond is "within 60 days after service on

6

the United States attorney." Fed. R. Civ. P. 12(a)(2) (emphasis added). Accordingly, it would be improper for the Court to grant Jackson's Motion for Default Judgment at this time because the United States Attorney has not yet been properly served. As such, Defendant's sixty days to respond to Jackson's complaint have not started or expired. Thus, the Court concludes that Plaintiff's Motion for Default Judgment and Motion for Clarification/Misc Relief should be **DENIED.**

## RECOMMENDATION

Based on the foregoing, it is recommended that Plaintiff's Motion for Default Judgment [doc. 15] and Plaintiff's Motion for Clarification/Misc Relief [doc. 16] be **DENIED.**

## NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a de novo determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

## ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **October 7, 2021**, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be file within seven (7) days of the filing date of objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket for the United States District Judge.

SIGNED September 23, 2021.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE