IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN DISTRICT
OF TEXAS FORT WORTH DIVISION

| | | |
|---|---|---|
| **NAKISHA JACKSON,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:21-cv-00811-O |
| | § | |
| **MAGISTRATE HAL R. RAY, JR., et al.,** | § | |
| | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are the government's Motion to Dismiss Jackson's Complaint (ECF No. 20), filed September 26, 2021; Jackson's Motion for Sanctions and Disqualification (ECF No. 22) and Notice of Conference Request (ECF No. 23), filed September 26; and the government's Response (ECF No. 25), filed October 14, 2021. Having consider the Motion, briefing, and applicable law, the Court **GRANTS** the government's Motion to Dismiss Jackson's Complaint.

**I.     BACKGROUND**

On July 1, 2021, Nakisha Jackson sued several federal officials for various civil-rights violations. *See* Compl., ECF No. 1. She named the following officials as Defendants: (1) United States Magistrate Judge Hal R. Ray, Jr., of the United States District Court for the Northern District of Texas; (2) Tony Moore, Clerk for the United States District Court for the Western District of Louisiana; (3) Mary C. Stewart, Clerk of the United States Court of Appeals for the Fifth Circuit; (4) Scott S. Harris, Clerk of the United States Supreme Court; (5) Judge Elizabeth Foote of the United States District Court for the Western District of Louisiana; (6) United States Magistrate Judge Mark Hornsby of the United States District Court for the Western District of Louisiana; (7) Chief Judge S. Maurice Hicks, Jr., of the United States District Court for the Western District

of Louisiana; and (8) United States Magistrate Judge Kayla D. McClusky of the United States District Court for the Western District of Louisiana. *See* Compl., ECF No. 1.

The same day, Jackson also filed a document claiming she "served via ECF" the Defendants and the following "supervisors": (1) Prerak Shah, Acting United States Attorney for the Northern District of Texas; (2) Alexander C. Van Hook, Acting United States Attorney for the Western District of Louisiana; (3) Attorney General Merrick B. Garland of the United States Department of Justice; (4) Kristen Clark, Assistant Attorney General for Civil Rights; (5) Lee J. Lofthus, Assistant Attorney General for Administration; and (6) Pamela S. Karlan, Principal Deputy Assistant Attorney General Civil Rights Division. *See* Doc., ECF No. 2.

On July 7, Jackson filed another document "certify[ing] that the complaint was filed via ECF and complaint and summons were delivered via ECF notification for the US attorney for the Western District of Louisiana and Northern District of Texas and all of the following defendants and supervisors were served in accordance with Fed Rules Civil procedure 4(i)(2)." *See* Doc., ECF No. 7. Jackson then listed the names and addresses for all Defendants and supervisors named in prior documents. *Id.* Finally, on August 21, 2021, Jackson filed a document titled "Proof of Service" in which she declared under penalty of perjury that "the complaint and summons had been delivered, via priority with delivery confirmation, to all defendants at their business addresses listed on the complaint, to the US Attorneys for the districts, and Attorney General of the United States at the addresses listed, on the dates listed below." Doc., ECF No. 10.

On September 7, the government filed a Notice Regarding Lack of Service of Process. *See* Not. Regarding Lack of Serv. of Process, ECF No. 11. The government argued that "[b]ecause the defendants are federal officers or employees, Jackson is required to . . . arrange for service upon the U.S. Attorney for the Northern District of Texas" in accordance with Rule 4(i). The government

2

further argued that service was improper because Jackson addressed the envelope to the U.S. Attorney, not the civil-process clerk at the U.S. Attorney's Office, as required by Fed. R. Civ. P. 4(i)(1)(A)(ii). *See* Not. Regarding Lack of Serv. of Process 2, ECF No. 11 (citing *Sun v. United States*, 342 F. Supp. 2d 1120, 1123 (N.D. Ga. Oct. 22, 2004)). Thus, the government concluded, Jackson had not properly served any defendant. *Id.* at 3.

On September 8, 2021, Jackson filed a Combined Request for Clerk's Entry of Default and Motion for Default Judgment (ECF No. 15) against all Defendants. The Clerk of Court denied the clerk's entry of default, and the remainder of the motion was referred to U.S. Magistrate Judge Cureton. The same day, Jackson filed a Motion for Clarification/Misc Relief (ECF No. 16), arguing that the clerk has the power to enter default judgment.

On September 23, Magistrate Judge Cureton filed Findings, Conclusions, and Recommendation regarding Jackson's Motions for Default and Clarification. *See* FCR, ECF No. 18. The FCR recommended denying Jackson's Motion for Default Judgment and Motion for Clarification because the United States Attorney had not been properly served. *Id.* at 7. On October 15, 2021, this Court issued an Order Accepting the FCR and Denying the Motion for Default Judgment. *See* Order, ECF No. 27.

On September 26, the government filed a Motion to Dismiss Jackson's Complaint. *See* Def.'s Mot. to Dismiss, ECF No. 20. The government argues that dismissal is warranted because the Defendants are immune from suit and Jackson never properly served any Defendant. *Id.* at 1. The same day, Jackson filed a Motion for Sanctions and Disqualification (ECF No. 22) and a Notice of Conference Request (ECF No. 23). The Court construes Jackson's Motion for Sanctions as a response to Defendants' Motion to Dismiss. Defendants filed a Response on October 14. *See* Def.'s Resp., ECF No. 25.

**II.     ANALYSIS**

    **A.     Defendants' Immunity**

Jackson's grievance appears to stem from earlier proceedings in which a Louisiana state court issued a protective order against her. *See Jackson v. 1st Jud. Dist. Ct.*, No. 20-1634, 2021 WL 1619360, at *1 (W.D. La. Mar. 29, 2021) (report and recommendation), *adopted*, 2021 WL 1619346 (W.D. La. Apr. 26, 2021). Defendants were involved in the adjudication of Jackson's earlier lawsuit in various official capacities. *See* Compl. 6, ECF No. 1.

As the government points out, the precise nature of Jackson's claims is not entirely clear. But Jackson clearly complains of actions taken by Defendants in the course of their official duties as judges or other judicial-branch officials. With respect to the Defendant judges, "[a]bsolute judicial immunity extends to all judicial acts that are not performed in the clear absence of all jurisdiction." *Malina v. Gonzales*, 994 F.2d 1121, 1124 (5th Cir. 1993). The Court thus examines whether the judges' acts were (1) "judicial," and (2) performed in the "clear absence of all jurisdiction." *Id.*

First, the judges' acts were judicial. The test considers (1) whether an act is "a normal judicial function," (2) whether the act occurred in a courtroom or an appropriate judicial space, (3) "whether the controversy centered around a case pending before the court," and (4) whether the act "arose directly out of a visit to the judge in his official capacity." *Id.* Jackson complains that the judges, for example, entered judgment against her, upheld the recommendations of a magistrate judge, attempted to dismiss her cases with prejudice, showed partiality and unfairness, used semantics, and denied her venue-transfer motion. *See* Compl. 9–12, ECF No. 1. The judges' actions easily satisfy the test for "judicial" action. *See Malina*, 994 F.2d at 1124.

Second, the judges did not act in the clear absence of jurisdiction. "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (citation omitted). Jackson does not argue that the judges lacked jurisdiction. And the Court sees no colorable argument that they did, let alone that there was a "clear absence of all jurisdiction." *Malina*, 994 F.2d at 1124. Jackson's claims against the Defendant judges are therefore barred by judicial immunity.

Jackson's claims against the Defendant clerks are also barred. "Court clerks 'have absolute immunity from actions for damages arising from acts they are specifically required to do under court order or at a judge's discretion.'" *Clay v. Allen*, 242 F.3d 679, 682 (5th Cir. 2001) (citation omitted). Jackson alleges, for example, the clerks failed to make clerical corrections immediately, refused to provide her the record in the form required by the Fifth Circuit, rejected her brief, and refused to file documents via electronic communications. *See* Compl. 9–12, ECF No. 1. Jackson's complaints against the Defendant clerks are therefore barred. *See West v. United States*, No. 2:19-cv-58, 2019 WL 6532614, at *3 (N.D. Tex. Oct. 29, 2019) (report and recommendation), *adopted*, 2019 WL 6529324 (N.D. Tex. Dec. 4, 2019).

### B.     Disqualification

Finally, the Court addresses Jackson's Response to the Motion to Dismiss (ECF No. 22), to the extent it can be interpreted as a request for disqualification. "A motion to disqualify is committed to the sound discretion of the judge." *In re Hipp, Inc.*, 5 F.3d 109, 116 (5th Cir. 1993). "Disqualification is appropriate if a reasonable person, knowing all the relevant circumstances, would harbor doubts about the judge's impartiality." *Id.* Beyond titling her response a "Motion for

Attorney Sanctions and Disqualification," Jackson does not explain whether she intends to disqualify the attorneys or the presiding judge. Regardless, the Court declines disqualification. *See Hipp*, 5 F.3d at 116; *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 458 n.7 (5th Cir. 1996).

## III. CONCLUSION

Jackson has repeatedly filed frivolous actions in federal courts, including this one. *See, e.g., Jackson v. Tarrant County Corrections Ctr.*, No. 4:21-cv-00187 (N.D. Tex. Oct. 14, 2021); *Jackson v. 1st Jud. Dist. Ct.*, No. 20-1634, 2021 WL 1619346 (W.D. La. Apr. 26, 2021) (barring Jackson from filing any civil complaint in the district without first obtaining written permission from the court). This case is yet another frivolous suit. Accordingly, the Court **GRANTS** the government's Motion to Dismiss and **ORDERS** that Plaintiff's complaint is **dismissed with prejudice.**

**SO ORDERED** on this **18th day** of **October, 2021.**

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE